UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL B. PROFFITT,

        Petitioner,

                                            Case Number: 09-11083

v.

                                            HON. PATRICK J. DUGGAN

MARY BERGHUIS,

        Respondent.
                                       /

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 11, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Petitioner Samuel B. Proffitt ("Petitioner") has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for armed robbery in violation of Mich. Comp. Laws § 750.529. Petitioner was sentenced as a second habitual offender, Mich. Comp. Laws § 769.11, to 15 to 30 years imprisonment. He currently is incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Presently before the Court is Petitioner's motion requesting to stay the habeas proceedings so that he may return to the state courts and present new evidence relating to his existing habeas claims concerning the propriety of a photographic identification and the effectiveness of trial counsel and to raise a new claim of ineffective assistance of appellate counsel.

**Procedural Background**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of armed robbery and sentenced to 15 to 30 years imprisonment in 2005. Petitioner filed a direct appeal in which he alleged that trial counsel was ineffective for failing to object to an improper photographic identification. The Michigan Court of Appeals denied relief finding that Petitioner failed to establish that counsel acted unreasonably or that Petitioner was prejudiced by counsel's conduct. *People v. Proffitt*, No. 265704, 2007 WL 3119427 (Mich. Ct. App. Oct. 25, 2007) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied on March 4, 2008. *People v. Proffitt*, 480 Mich. 1139, 746 N.W.2d 92 (2008).

Petitioner submitted the instant petition for habeas relief to prison officials on March 18, 2009. In his petition, he asserts that the photographic identification procedure was improper and that trial counsel was ineffective for failing to object to the victim's identification of him at trial.

**Analysis**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to

2

exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005).

The Court is concerned that the outright dismissal of Petitioner's application for habeas relief, albeit without prejudice, might jeopardize the timeliness of one or more of his claims under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Petitioner's direct appeal concluded on March 24, 2008, when the Michigan Supreme Court denied his application for leave to appeal. For purposes of § 2244(d)(1), Petitioner's conviction became final when the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court expired – on June 22, 2008. Petitioner submitted the instant petition to prison officials for mailing on March 18, 2009. Consequently, under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988) (prisoners' documents are deemed filed in federal court when submitted to prison officials for mailing), Petitioner filed his habeas application approximately three months before the expiration of the AEDPA's one-year limitations period. If this Court dismisses Petitioner's pending petition and he experiences delays in proceeding before the state courts or receiving his legal mail, he could be time-barred from re-filing a petition for writ of habeas corpus following further exhaustion of his claims in the state courts.

Petitioner asserts that he has newly-discovered evidence to support his existing habeas claims and a new claim of ineffective assistance of appellate counsel. The Court

3

finds that Petitioner has asserted good cause for failing to previously present his claims in state court. The Court does not find Petitioner's unexhausted claims to be "plainly meritless" and there is no indication that Petitioner's failure to raise the claims previously in the state court resulted from "intentionally dilatory litigation tactics." *See Rhines*, 544 U.S. at 278, 125 S. Ct. at 1535. Therefore, the Court grants Petitioner's request to stay this case pending his return to the state courts to fully exhaust his claims.

The Supreme Court advised in *Rhines* that, when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." 544 U.S. at 278, 125 S. Ct. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes the time limits, set forth below, within which Petitioner must proceed.

## Conclusion

Petitioner's motion to stay his habeas corpus proceedings is **GRANTED**. The proceedings in this case are stayed pending Petitioner's exhaustion of his state court remedies provided that: (1) Petitioner presents his unexhausted claims to the state court within **sixty (60) days** from the date of this order and (2) Petitioner returns to this Court within **sixty (60) days** of exhausting his state court remedies and files (*in the above-captioned case*) a motion to lift the stay and to file an amended petition adding the

exhausted claims.[1]

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED**.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copy to:
Samuel Proffitt, #378153
West Shoreline Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

---

[1] In other words, Petitioner's motion and amended petition should include the same case caption and number.