UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SAMUEL B. PROFFITT,

                    Petitioner,

                                        CASE NO. 09-CV-11083
v.                                      HON. PATRICK J. DUGGAN

MARY BERGHUIS,

                    Respondent.
_____/

## OPINION & ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.      Introduction

Michigan prisoner Samuel B. Proffitt ("Petitioner") has filed a pro se petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held

in violation of his constitutional rights.  Petitioner was convicted of armed robbery,

Mich. Comp Laws § 750.529, following a jury trial in the Oakland County Circuit

Court and was sentenced as a third habitual offender, Mich. Comp Laws § 769.11, to

15 to 30 years imprisonment in 2005.  In his pleadings, he raises claims concerning

the propriety of a photographic identification and the effectiveness of trial and

appellate counsel.  For the reasons stated, the Court denies the habeas petition.  The

Court also denies a certificate of appealability and denies leave to proceed in forma

pauperis on appeal.

## II.   Facts and Procedural History

Petitioner's conviction arises from his and an accomplice's armed robbery of two women outside a gas station/convenience store on April 5, 2004 in Ferndale, Michigan.  The Michigan Court of Appeals set forth the following facts, which are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

> Sara Moreton and Allison Metz were robbed at gunpoint in a parking lot. Defendant allegedly robbed Moreton, while his accomplice confronted Metz. Moreton testified that she looked extensively at defendant during the robbery, trying to memorize his face, as the other robber made a number of trips between the victims and his vehicle while he placed the victims' belongings into his Dodge Durango. She stated that she was able to observe defendant for about four or five minutes from a very short distance, that she felt "pretty calm" throughout the robbery, and that the lighting in the parking lot was good. As the men left, she recorded their license plate number, and subsequently called the police. Police later found a Dodge Durango with the license plate Moreton had memorized. Items belonging to the victims were found therein. On June 15, 2004, Oakland County Sheriff deputies searched defendant's home in an unrelated drug case, and found Moreton's and Metz' identification cards in the home. Defendant was arrested on the unrelated drug charge.
>
> On July 7, 2004, the victims were separately shown a photo array that included defendant's photo. Sara Moreton identified defendant as the man who robbed her. Moreton also identified defendant at the preliminary examination and at trial. Metz could not identify defendant, though she claimed to have been robbed by the other perpetrator. According to the officer who transported defendant from the District Court after his preliminary examination, defendant asked the officer if the sketch of the robbery suspect had facial hair and then stated, "just

2

because I was driving the truck doesn't mean I robbed anyone."

*People v. Proffitt*, No. 265704, 2007 WL 3119427, at *1 (Mich. Ct. App. Oct. 25, 2007) (unpublished).

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals alleging that trial counsel was ineffective for failing to object to the photographic identification. The Michigan Court of Appeals denied relief on that claim finding that Petitioner had failed to establish that trial counsel acted unreasonably or that he was prejudiced by counsel's conduct. *Proffitt*, 2007 WL 3119427, at *2. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Proffitt*, 480 Mich. 1139, 746 N.W.2d 92 (2008).

Petitioner dated his initial federal habeas petition on March 18, 2009 raising claims concerning the propriety of the photographic identification and the effectiveness of trial counsel. He subsequently moved to stay the proceedings so that he could return to the state courts to exhaust factual issues relative to those claims and to raise a new claim concerning the effectiveness of appellate counsel. The Court granted his motion, stayed the proceedings, and administratively closed the case.

Petitioner then filed a motion for relief from judgment with the state trial court raising claims of new evidence relative to the photographic identification and the

effectiveness of trial and appellate counsel. The trial court denied the motion, finding that Petitioner had failed to establish good cause and actual prejudice as required to raise new issues under Michigan Court Rule 6.508(D)(3), that the underlying basis for his motion lacked merit, and that he had not shown that trial or appellate counsel was ineffective. *People v. Proffitt*, No. 05-201445-FC (Oakland Co. Cir. Ct. Jan. 14, 2010) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Proffitt*, No. 301975 (Mich. Ct. App. Aug. 17, 2011) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Proffitt*, 490 Mich. 973, 806 N.W.2d 746 (2011).

Petitioner thereafter returned to federal court on an amended petition and this case was reopened. In his amended petition, he raises the following claims:

I.    The police had inadequate reason to use a photographic identification procedure, and so the photographic identification, as well as any subsequent identification tainted by that one, was suppressible. Either trial counsel was ineffective for not moving to suppress, or the trial judge committed plain error by admitting the evidence even in the absence of objection.

II.    Because of the newly discovered evidence attached herewith and dated 7-31-09, evidence indisputably showing that I was available to the police for a corporeal lineup rather than a photographic showup, [and] because said showup was erroneously introduced into evidence, relief from judgment is warranted in this case.

4

III.   Appellate counsel's omission, i.e., his failure to provide evidence making it clear that I was on bond at the time of the photographic showup was conducted, deprived me of my right to the effective assistance of counsel on appeal.

IV.   Trial counsel should have been aware at the time the photographic showup was conducted [that] I had been given a personal bond by Judge Goldsmith, yet as argued on appeal, trial counsel failed to object to the introduction of the photographic showup.

Respondent has filed an answer to the petition contending that it should be denied because the second claim is barred by procedural default and all of the claims lack merit.  Petitioner has filed a reply to that answer.

## III.   Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable

5

determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409, 120 S. Ct. at 1521. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411, 120 S. Ct. at 1522. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

6

The AEDPA thus "imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010) (citing cases); *see also Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state[-]court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149 (2004)). The Supreme Court has emphasized that it "bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S. Ct. 1166, 1174-75 (2003)).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.    Discussion

### A.    Procedural Default

As an initial matter, Respondent contends that one of Petitioner's claims is barred by procedural default because he first raised it in his motion for relief from judgment and the state courts denied relief pursuant to Michigan Court Rule 6.508(D). It is well-settled, however, that federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523 (1997)). The Supreme Court has explained the rationale behind such a policy:    "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525, 117 S. Ct. at 1523.  In this case, the procedural default issue is interwoven with the merits of the habeas claims such that the substantive issues are easier to resolve.  Accordingly, the Court shall proceed to the merits of Petitioner's claims.

### B.    Photographic Identification (Habeas Claims I and II)

Petitioner asserts that he is entitled to habeas relief because the photographic identification was improper and the police should have conducted a corporeal lineup.

8

Petitioner claims that he was in custody at the time of the photographic identification such that a corporeal lineup, rather than a photographic array, was required. He further asserts that the photographic identification tainted the victim's subsequent in-court identification.

Petitioner first raised this issue on direct appeal. The Michigan Court of Appeals denied relief, finding that Petitioner failed to provide evidence to support his claim that he was in custody at the time of the photographic array. The court further ruled that to the extent that he claimed he was in custody in Wayne County at the time of the array, he was not in custody pursuant to the charges at issue so as to maintain a claim under state law. The court also ruled that Petitioner abandoned his tainted identification claim and that the photographic array submitted on appeal did not show that the array was improper. *Proffitt*, 2007 WL 3119427, at *2. Petitioner re-raised this issue on collateral review asserting that he had new evidence that he was on bond on an unrelated Oakland County criminal matter at the time of the photographic array. The trial court denied relief on this claim, finding that the bond evidence was already known on direct appeal such that it was not "new." The court further found that the photographic array was conducted on July 7, 2004, that the bond in the unrelated Oakland County case was issued on July 15, 2004, and that Petitioner's brief on direct appeal indicated that he was in custody on an unrelated matter in Wayne County at the

9

time of the July 7, 2004 array.  Given Petitioner's admission that he was incarcerated in Wayne County on an unrelated matter, the court determined that he was not in custody pursuant to the offenses at issue so as to invoke the state law rule regarding the propriety of photographic versus corporeal identifications.  *Proffitt*, Oakland Co. Cir. Ct. No. 05-201445-FC at *3-5.

The state courts' decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  A criminal defendant has no federal constitutional right to a corporeal lineup.  *See Payne v. Smith*, 207 F. Supp. 2d 627, 645 (E.D. Mich. 2002) (citing cases); *see also Morris v. Giurbino*, 162 F. App'x 769, 771 (9th Cir. 2006) ("The United States Supreme Court has never held that a criminal defendant has a constitutional right to a pretrial lineup."); *McMillan v. Berghuis*, No. 1:06-cv-057, 2009 WL 3877510, *25 (W.D. Mich. Nov. 18, 2009). Petitioner's claim that he was entitled to a corporeal lineup is based upon a perceived violation of state law.  It is well-established, however, that habeas relief is not available to correct a state court's error in the application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Petitioner thus fails to state a claim upon

10

which habeas relief may be granted as to this issue.[1]

Petitioner is also not entitled to relief on any claim that the photographic array was unduly suggestive. Due process protects the accused against the introduction of evidence resulting from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227, 98 S. Ct. 458, 464 (1977). There is a two-step procedure to determine whether an identification can be admitted consistent with due process. The first step is to determine whether the identification procedure was impermissibly suggestive. *Ledbetter v. Edwards*, 35 F.3d 1062, 1070-71 (6th Cir. 1994). If it was, the second step is to determine whether the identification nonetheless has sufficient indicia of reliability considering all the circumstances. *Id.* Five considerations bear on the reliability of an identification: (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's prior description of the defendant; (4) the witness's level of certainty when identifying the suspect at the confrontation; and (5) the length of time that has elapsed between the time and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S. Ct. 375,

---

[1]The Court notes that even if Petitioner states a cognizable claim, he is not entitled to habeas relief. As discussed by the state courts, Petitioner was not in custody *pursuant to the charges at issue in this case* when the photographic arrays were shown to the victims. Thus, under state law, he was not entitled to a corporeal lineup. *People v. Wyngaard*, 151 Mich. App. 107, 113, 390 N.W.2d 694 (1986).

382 (1972).   A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive.   It is only after a habeas petitioner meets this burden of proof that the burden shifts to the state to prove that the identification was reliable. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1090 (E.D. Mich. 2004).

In this case, Petitioner fails to establish that the police conducted an improper photographic array or other pretrial identification procedure.   He offers no evidence to show that the composition of the arrays or other aspects of the pretrial identification procedure were suggestive – and the state court on appeal indicated that the array was appropriate.   Due process, therefore, does not require exclusion of the victim's positive identification.   *See Perry v. New Hampshire*, _ U.S. _, 132 S. Ct. 716, 730 (2012) ("[T]he Due Process Clause does not require a preliminary judicial inquiry into the reliability of an eyewitness identification when the identification was not procured under unnecessarily suggestive circumstances arranged by law enforcement."); *Cameron v. Birkett*, 348 F. Supp. 2d 825, 843 (E.D. Mich. 2004) ("[T]he Supreme Court has never held that an in-court identification requires an independent basis for admission in the absence of an antecedent improper pre-trial identification."). Habeas relief is not warranted.

12

## C.    Effectiveness of Trial Counsel (Habeas Claim IV)

Petitioner relatedly asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the photographic identification procedure because the police made no effort to conduct a corporeal lineup.

In order to establish ineffective assistance of counsel, a habeas petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance .... At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.  Therefore, judicial scrutiny of counsel's performance must be "highly deferential."  *Id*. at 689, 104 S. Ct. at 2065. As to the issue of prejudice, counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.   A petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694, 102 S. Ct. at 2068.  A reasonable probability is one that is sufficient to undermine confidence in the outcome.  *Id*.

13

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

Petitioner raised this issue on direct appeal and on collateral review in the state courts. On direct appeal, the Michigan Court of Appeals ruled that Petitioner failed to establish that counsel erred because he provided no evidence to support his assertion that he was in custody for the offenses at issue in this case. The court further ruled that Petitioner failed to establish that he was prejudiced by counsel's conduct where he presented no evidence that the photographic array was suggestive, there was no indication that the trial court would have precluded the victim's in-court identification, and the prosecution presented other, substantial evidence of his guilt, including the physical evidence found in his home and his own inculpatory statements. *Proffitt*, 2007 WL 3119427, at *2. On collateral review, the trial court

14

ruled that Petitioner failed to establish that counsel was ineffective because he failed to establish the underlying basis for his claims. *Proffitt*, Oakland Co. Cir. Ct. No. 05-201445-FC at *5.

The state courts' decision are neither contrary to Supreme Court precedent nor an unreasonable application thereof. Given that Petitioner was not custody for the offenses at issue in this case at the time of the photographic array such that he was not entitled to a corporeal lineup as a matter of state law, and given his failure to show that the photographic array was suggestive, he cannot establish that counsel erred or that he was prejudiced by counsel's conduct in failing to challenge the photographic array on such bases. Counsel cannot be deemed deficient for failing to raise meritless or futile objections. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).

Moreover, counsel may have reasonably decided not to object to the photographic array testimony and/or not to request a corporeal lineup given that one of the robbery victims identified him, but the other robbery victim did not, from the photographs. Counsel had the opportunity to use the inconsistency among the victims to challenge the identification of Petitioner as one of the perpetrators. Counsel may have also wanted to avoid exposing Petitioner to another pre-trial viewing and/or

15

pretrial identification at a corporeal lineup.  This was a reasonable trial strategy.  The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective.  *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken").  Petitioner has not shown that counsel erred.  *See Johnson v. Rapelje*, No. 2:10-CV-12529, 2012 WL 2359974, at *8 (E.D. Mich. June 21, 2012) (denying habeas relief on similar ineffective assistance of counsel claim).

Petitioner also fails to demonstrate that he was prejudiced by trial counsel's conduct.  One of the victims positively identified Petitioner at the preliminary examination and at trial, and she testified that the identification was based upon her recollection of the robbery.  The prosecution also presented significant, other evidence of Petitioner's guilt at trial, including the victims' identification cards recovered from his residence and his own inculpatory statement about driving the truck associated with the robbery.  Petitioner has not shown that trial counsel was ineffective under the *Strickland* standard.  Habeas relief is not warranted.

### D.    Effectiveness of Appellate Counsel (Habeas Claim III)

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to properly raise the foregoing issues on direct

16

appeal.  Petitioner first raised this claim in his motion for relief from judgment and trial court ruled that appellate counsel was not ineffective because the underlying claims lacked merit.  *Proffitt*, Oakland Co. Cir. Ct. No. 05-201445-FC at *5.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  Given the state courts' rulings that the underlying claims concerning the photographic identification and the effectiveness of trial counsel lack merit, as well as this Court's determination that those claims lack merit, Petitioner cannot demonstrate that appellate counsel erred and/or that he was prejudiced by appellate counsel's conduct.  As noted, counsel cannot be deemed deficient for failing to raise meritless issues.  *Coley*, 706 F.3d at 752; *Steverson*, 230 F.3d at 225.  Petitioner has not shown that appellate counsel was ineffective under the *Strickland* standard.  Habeas relief is not warranted.

## V.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).  Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims.  The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as an appeal cannot be taken in good faith.  Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2014

18